UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| WILLIAM E. McMILLIAN, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CITY OF DARLINGTON, )<br>)<br>Defendants. )<br>_____ ) | **COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

This action is brought to remedy violations of the Family and Medical Leave Act 29 U.S.C. § 2611(2)(a)(i)(ii) ("FMLA"). This is also an action to remedy discrimination and retaliation in violation of the Americans with Disabilities Act of 1990("ADA"), 42 U.S.C. §§ 12101, 12112(b), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), Pub. L. No. 110-325, §8; 122 Stat. 3553 (Sept. 25, 2008) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq. ("*Title VII").

Defendant, through City Administration and Supervision, failed to properly provide FMLA job protection and retaliated against Plaintiff for taking FMLA qualifying leave. Defendant treated Plaintiff differently because of his race and perceived disability and retaliated against Plaintiff after he objected to discriminatory treatment.

As a result, Plaintiff suffered damages as set forth herein.

1. Plaintiff is an African American male citizen of the United States and a resident of Darlington, South Carolina.

1

2.  Defendant, City of Darlington, upon information and belief, is a municipal corporation organized and existing under the laws of the State of South Carolina operating government offices and duties within Darlington to include city management, maintenance and supervision of city employees.

3.  On information and belief, at all times relevant to the allegations in this complaint, the City of Darlington was authorized to and did waive any state-law immunity from civil liability under state-law causes of action by purchasing liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

4.  This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 1343(a)(3),(4).

5.  Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

6.  Plaintiff began his employment with The City of Darlington as a Maintenance Technician most recently in 2011. Plaintiff was working satisfactorily with no history of significant discipline.

7.  Defendants as a public agency is an employer within the meaning of the Family Medical Leave Act, 29 CFR § 825.104, and employs more than 50 employees.

8.  Plaintiff as an employee of Defendant, worked for a covered employer with more than 50 employees, worked for at least 12 months, and had at least 1250 hours of service during the 12 month period preceding his medical leave of absence which

occurred approximately April 14, 2021. Plaintiff was an eligible employee within the meaning of the Family Medical Leave Act, 29 CFR § 825.110.

9. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, U.S.C. §§ 2000e(g) and (h).

10. Plaintiff was issued a notice of right to sue from the US Equal Employment Opportunity Commission (EEOC) dated August 18, 2022, regarding his charge of disability and race discrimination, EEOC Charge 436-2022-00307. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII of the Civil Rights Act of 1964 and the South Carolina Human Affairs Laws.

11. Plaintiff was certified as a Treatment Plant Operator and Biological Wastewater Treatment Plant Operator. Before taking medical leave, Plaintiff was performing satisfactorily.

12. Plaintiff made attempts to return to work approximately September 20, 2021, after a 6 month medical leave. He returned to work with no restrictions.

13. Defendants initially delayed or denied Plaintiff's return to work but eventually allowed him to return.

14. Upon his return to work after medical leave, Defendant stripped Plaintiff of his initial job duties working in wastewater management and never cross trained Plaintiff in any other similar area.

15. Upon his return to work after medical leave, Defendant refused to allow Plaintiff to drive a city vehicle or operate a lawn mower, despite Plaintiff having no medical restrictions that required such refusal.

16. Upon his return to work after medical leave, Defendant refused to allow Plaintiff proper opportunity for lunch and restroom breaks.

17. Upon his return to work after medical leave, Defendant subjected Plaintiff to labor intensive and difficult and/or dangerous tasks.

18. Plaintiff is aware of Caucasian employees who had not been on medical leave, who worked through temp agencies who were allowed access to city vehicles, assigned Plaintiff's old job duties, and allowed to listen to music with racial slurs and have firearms in the vehicle while working.

19. Plaintiff was subjected to unequal job tasks, inequality in the terms and conditions of employment, and heightened scrutiny by City Administration and Management.

20. When Plaintiff confronted management about being treated in an unequal manner, Defendant accused Plaintiff of being aggressive and terminated Plaintiff on November 10, 2021.

21. Plaintiff attempted to grieve the termination, but a grievance committee was not established by Defendant until approximately March 2022.

22. Defendant's conduct Defendant failed to engage in any FMLA inquiry or accommodation for Plaintiff and failed to provide Plaintiff job protection in relation to his 2021 medical leave.

23. Defendant retaliated and interfered with Plaintiff's right to FMLA job protection; and Defendant further retaliated against Plaintiff for requesting a fair return to work

after medical leave, requesting equal treatment and complaining about unequal treatment.

24. Once his medical illness resolved, Plaintiff was willing to work, and could work in his original position that he earned before his absence.

25. Defendant's conduct toward Plaintiff materially changed Plaintiff's work conditions, thus ultimately causing his discharge.

26. Plaintiff is unaware of any Caucasian employees similarly situated who were stripped of all job duties and then terminated, after requesting a fair return to work after medical leave, requesting equal treatment and complaining about unequal treatment.

27. Plaintiff is unaware of any employees similarly situated who were not perceived to be disabled or who did not take medical leave who were stripped of all job duties and then terminated, after requesting a fair return to work after medical leave, requesting equal treatment and complaining about unequal treatment.

28. On the various dates and occasions, Plaintiff was supervised and disciplined in an unfair, unequal, and/or harassing way, as explained above, which segregated him and adversely affected his status as an employee, because of his race and disability and complaints. Similarly situated employees outside of Plaintiff's protected class did not receive this treatment.

29. Defendant was on notice, or should have been on notice, of the actions of its subordinates or employees, and all failed to correct such discriminatory actions of its employees.

30. Defendant's acts of discrimination retaliation within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights and rights under FMLA.

31. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff.

32. As a result of the abrupt termination in retaliation of complaints after Plaintiff suffered discrimination based on perceived disability and race, Plaintiff has suffered economic loss, loss of CEU credits that Defendant was supposed to pay for, impaired reputation, attorney fees, financial and emotional distress, as well as attorney fees and costs of litigation.

### FIRST CAUSE OF ACTION
### (VIOLATION OF FMLA - INTERFERENCE)

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint.

34. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

35. At the time of the need for leave, Plaintiff had been employed by Defendant for at least twelve (12) months.

36. Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to the time needed for leave.

37. Defendant employed in excess of 50 employees within 75 miles of the location where Plaintiff worked.

38. Plaintiff was entitled to receive FMLA leave and receive notices and compensation pursuant to the FMLA; and Defendant was not permitted to interfere or retaliate against Plaintiff for exercising his rights under the FMLA.

39. Defendant was on notice and had acknowledged that Plaintiff suffered from a serious health condition that qualified for FMLA coverage as he was out of work from April 14, 2021 - September 20, 2021.

40. Defendant interfered with Plaintiff's medical leave by refusing to return Plaintiff to work in his original position and materially changing Plaintiff's work conditions upon his return to work to the point that Plaintiff was placed in unreasonably dangerous and burdensome work conditions that ultimately lead to his termination.

41. Defendant failed to properly process Plaintiff's leave request as an FMLA protected leave and failed to properly designate Plaintiff's impairment and need for leave as an FMLA qualifying event with the proper notices as required under FMLA.

42. Defendant's policies, improper or unreasonable inquiries, and discipline interfered with Plaintiff's FMLA rights because it interfered with Plaintiff's FMLA right to take FMLA leave without disciplinary action and Plaintiff's FMLA right to be protected for conduct occurring as a result of FMLA triggering events.

43. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's interference practices in violation of 29 U.S.C. § 2915(a)(1), unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
## (VIOLATION OF FMLA - RETALIATION)

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 of this Complaint.

45. Defendant was on notice that Plaintiff was experiencing a serious medical condition.

46. Because Plaintiff invoked his right to take FMLA eligible medical leave, Defendant willfully retaliated against Plaintiff by stripping Plaintiff of all former duties and responsibilities upon his return to work, placing Plaintiff in unbearable work conditions, such as working without access to proper restroom or lunch breaks or a vehicle, and terminating Plaintiff when he attempted to complain about the unequal and unsafe work conditions.

47. Defendant's retaliatory actions and interference violations constitute unlawful acts under FMLA pursuant to 29 U.S.C. §2615(a)(2).

48. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief. Defendant's unlawful conduct caused financial harm and other damage to Plaintiff.

## THIRD CAUSE OF ACTION
## (TITLE VII)

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint.

50. Plaintiff is a member of a protected class as an African American female and was performing satisfactorily, when he was subjected to and complained about unequal

treatment based on race. Specifically Plaintiff complained of Caucasian employees committing workplace violations or being offensive or receiving more favorable treatment.

51. Defendant had no legitimate business reason for its treatment toward Plaintiff in favor of Caucasian employees who were not stripped of all terms and conditions and benefits of employment in an undignified manner.

52. Plaintiff was subjected to heightened scrutiny harassment and hostile work environment, and when he complained he was accused of being aggressive and terminated.

53. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis race in violation of Title VII; and retaliated against Plaintiff after his complaints.

54. Defendant treated similarly situated Caucasian employees or employees who did not complain of discriminatory conditions in a manner unequal to the treatment Plaintiff received.

55. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
## (TITLE II ADA VIOLATION)

56. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 55 of this Complaint.

57. Title II of the ADA applies to State and local government entities, and, in subtitle A, protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities.

58. As described above, Defendant's actions and practices – refusing to allow Plaintiff to work properly, perceiving Plaintiff as disabled upon a return to work and then stripping Plaintiff of all original job duties terms and conditions of employment, as well as subjected Plaintiff to an unequal hostile work environment with heightened scrutiny, all violate Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12181 et seq.

59. Defendant's actions and practices described above constitute unlawful discrimination under 42 U.S.C. §12182(a) and (b), in that all Defendants have discriminated against Plaintiff on the basis of Plaintiff's perceived disability, with regard to the full and equal enjoyment of Defendant's employment programs, goods, services, facilities, privileges, advantages or accommodations.

60. Defendant's actions and practices described above also constitute unlawful discrimination under 42 U.S.C. § 12182(b)(1)(A) and § 12182(b)(2)(A).

61. Defendant perceived Plaintiff as disabled and discriminated and retaliated against Plaintiff for prior medical leave and treated Plaintiff differently on the basis of disability. Defendant's decisions, actions and inactions, resulted in a denial of Plaintiff's access to non discriminatory non retaliatory employment in violation of ADA.

62. Plaintiff suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of applicable state and federal laws.

B. Enjoining and permanently restraining these violations of applicable state and federal laws.

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits; and liquidated damages pursuant to FMLA because Defendant's violations of the FMLA were willful - Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

E. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. § 12205 and 42 U.S.C. § 12117;29 U.S.C.A. § 2617(a)(3),

F. Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) and all applicable state and federal laws in the amount to be determined by a jury;

G. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii) and (a)(1)(B).

H. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii).

I. Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: s/ Pheobe A. Clark
**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC   29504-3057
Phone: (843) 669-5634
Fax:     (843) 669-5150

November 15, 2022